CASE 8—INDICTMENT —JUNE 9.

# Commonwealth vs. Fraize.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

An indictment, charging that the defendant "was the owner, occupier, and controller of a house and ten-pin alley, at which games were played and money and other things bet, won, and lost, by his permission; and that he and others played at such games, and money and other valuable things were bet, lost, and won thereon," contains all the essential averments to show that the statute has been violated; and it should reasonably be inferred that the defendant knew not only of the setting up of such contrivance, but also of the betting, unless it appears otherwise. (*Rev. Stat., secs.* 6 *and* 7, *chapter* 42.)

JOHN RODMAN, Attorney General,            For Appellant,
                    CITED—
*Revised Statutes*, 1 *Stanton*, 563.

SWEENEY & STUART,                         For Appellee,
                    CITED—
*Revised Statutes, sec.* 9, *chapter* 83, 2 *Stanton*, 242; *chapter* 42, *sec.* 10, 1 *Stanton*, 565.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The indictment charges that Fraize was the owner, occupier, and controller of a house and ten-pin alley, at which games were played, and money and other things bet, won, and lost, by his permission; and that he and others played at such games, and money and other valuable things were bet, lost, and won thereon, to which the court sustained a demurrer, and which is sought to be reversed.

By section 6, chapter 42, 1 Stanton's Revised Statutes, 563, whoever shall set up, exhibit, or keep any faro bank, gaming-table, *machine*, or *contrivance used in betting*, or other game of chance, and whereon money, &c., is, or may be, won and lost, shall be fined five hundred dollars and costs.

By section 7, whoever shall permit any such game or table to be set up in any house, boat, or float, or on any premises in his occupation or control, shall be fined from two hundred and fifty dollars to five hundred dollars and costs; and the latter part of this section provides, that after proof of the setting up, &c., it shall be presumed to be with the permission of the person occupying or controlling the same, unless the contrary clearly appears.

When an indictment avers the setting up of a ten-pin alley, at which the owner and occupier permits games to be played, and that he engaged therein himself, and that bets were made on such games, we think it should reasonably be inferred that he knew not only of the setting up of such contrivance, but also of the betting, unless it appears otherwise; at least we regard such an indictment as containing all the essential averments to show that the statute has been violated.

Judgment reversed, with directions to overrule the demurrer, and for further proceedings.